UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:20-CR-0025-B |
| | § | |
| LAMON DEMETRUS WRIGHT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Lamon Demetrus Wright's Motion to Dismiss (Doc. 34) the Government's Petition for Person Under Supervision (Doc. 18) and related Addendum (Doc. 20). The Court heard argument on the motion at a hearing on October 14, 2021, at 1:30 p.m. On the record at this hearing, the Court **DENIED** Wright's motion. This Order further explains the Court's reasoning.

### I.

### BACKGROUND

In 2006, Wright was convicted of one count of armed bank robbery and one count of using a firearm in a crime of violence. *See* Doc. 34, Def.'s Mot., ¶ 1. On August 30, 2006, "Wright was sentenced to 108 months custody followed by 5 years supervised release on Count 1 and 84 months custody followed by 5 years supervised release on Count 2 . . . [with b]oth the custodial and the supervised release portions of the sentences . . . to run consecutive[ly]." *Id.* Wright did not appeal his sentence.

After serving the custodial portion of his sentence, "Wright began supervised release . . . as to Count 1" on February 27, 2019. *Id.* ¶ 2. However, in January 2020, the Government filed a Petition for Person Under Supervision, alleging that Wright violated the terms of his supervised release as to Count 1.[1] *Id.* ¶ 4. Wright admitted to the violations and the Court revoked his supervised release on February 20, 2020, sentencing him "to 12 months and 1 day custody, with no additional supervision as to Count 1, with the understanding that his term of supervised release as to Count 2 would commence upon [completion] of his revocation sentence for Count 1." *Id.* ¶ 5.

In December 2020, "Wright began his 5-year term of supervised release as to Count 2." *Id.* ¶ 6. Six months later, however, the Government again filed a Petition for Person Under Supervision, this time alleging that Wright violated the terms of his supervised release as to Count 2. *Id.* ¶ 7. The Government also filed an Addendum to its Petition on July 12, 2021. *See* Doc. 20, Gov't's Addendum. Before the revocation hearing, Wright filed the instant motion to dismiss the Government's Petition and Addendum. *See* Doc. 34, Def.'s Mot. The motion is fully briefed and argued.

## II.

## DISCUSSION

Wright argues—and the Government concedes—that Wright's two terms of supervised release were required to run concurrently and that it was error for the sentencing court to order that they run consecutively. *See* Doc. 35, Gov't's Resp., 3. The parties are correct. *See* 18 U.S.C. § 3624(e) ("The term of supervised release . . . runs concurrently with any Federal, State, or local

---

[1] Wright was originally convicted in the Western District of Texas. *See* Doc. 34, Def.'s Mot., ¶ 1. His case was later transferred to this Court for disposition of the issues related to his supervised release. *See* Doc. 1, Order Transferring Jurisdiction.

term of probation or supervised release or parole . . . to which the person is subject or becomes subject during the term of supervised release."); *United States v. Hernandez-Guevara*, 162 F.3d 863, 877 (5th Cir. 1998). However, the parties diverge as to how this error affects the Government's revocation petition.

Wright argues that, "because the terms of supervised release were illegally run concurrent, only Count 1 was in front of the Court in February 2020." Doc. 34, Def.'s Mot., 4. "If both counts . . . had been properly run concurrent," Wright avers, "the January 2020 Petition would have alleged violations as to both counts, instead of solely to Count 1. And, the Court would have disposed of the violations as to both counts." *Id.* According to Wright, "[b]ecause the violations to which [he] pled true mandated revocation, and the terms of supervised release should have started on the same date, the Court should have revoked his supervision as to both counts in February 2020." *Id.* Since the violations alleged by the Government's Petition and Addendum occurred no earlier than March 2021—after the terms of supervision should have ended—Wright concludes that the Court lacks jurisdiction to hear those violations. *Id.*

The Government argues in response that, although the sentence was erroneous, the Court does not have jurisdiction to alter or modify the original sentence and Wright waived his right to make the instant arguments by failing to appeal. *Id.* at Doc. 35, Gov't's Resp., 3–4. Thus, the issue presented is whether the Court is bound by the erroneous sentence. The Court concludes that it is.

"It is . . . well-established that a defendant may not use the appeal of a revocation of supervised release to challenge an underlying conviction or original sentence." *United States v. Willis*, 563 F.3d 168, 170 (5th Cir. 2009) (citing *United States v. Hinson*, 429 F.3d 114, 116 (5th Cir. 2005)). This is true even where the underlying sentence is erroneous. *See United States v. Zabala-Molina*, 400

F. App'x 872, 874 (5th Cir. 2010); *see also United States v. Sloan*, 396 F. App'x 75, 76 (5th Cir. 2010). In this respect, the Court finds the Fifth Circuit's opinion in *Zabala-Molina* instructive.

In *Zabala-Molina*, a defendant was convicted on three counts: two related to marijuana trafficking and one related to the defendant's failure to appear for sentencing. *Zabala-Molina*, 400 F. App'x at 872. In addition to a period of confinement, the defendant was sentenced to "five years [of] supervised release in the marijuana case and three years of supervised release in the failure-to-appear case." *Id.* at 872–73 (alteration in original). In entering judgment, the sentencing court specifically stated that the terms of supervised release were to "run consecutively, for a total of eight years." *Id.*

One year after the defendant began supervised release, "the Government filed a petition to revoke the three terms of supervised release . . . assert[ing] that [the defendant] had begun to serve his terms of supervised release" at the same time. *Id.* at 873. At the revocation hearing, the defendant argued that, because his failure-to-appear term of supervised release had not yet begun, the court did not have jurisdiction to revoke it. *Id.* Notwithstanding the sentencing court's statements to the contrary, the court revoked all three terms of supervised release based upon its interpretation that the sentences, by law, were required to run concurrently. *Id.* The defendant appealed. *Id.*

On appeal, the defendant argued "that the district court did not have jurisdiction to modify the original judgment in the failure-to-appear case by interpreting it as imposing a concurrent, rather than consecutive, term of supervised release or to revoke the consecutive term of supervised release that had not yet begun to run." *Id.* The Fifth Circuit agreed. *See id.* at 874. The court noted "that, even if illegal, the sentence [could not] be challenged or modified in a revocation proceeding." *Id.* Modification of the sentence, the court determined, was permitted only "in limited circumstances"

that did not apply. *Id.* (citing 18 U.S.C. § 3582(c)). Accordingly, the court found "that the district court was bound by the original, albeit illegal, consecutive term of supervised release." *Id.*

Here, Wright asks the Court to find that it is without jurisdiction to consider violations of his supervised release that occurred after his sentence *should* have ended. *See* Doc. 34, Def.'s Mot., 4. Essentially, Wright's request is that the Court, like the district court in *Zabala-Molina*, modify his sentence through interpretation. *See id.*; *cf. Zabala-Molina*, 400 F. App'x at 873. The Court finds that Wright's request amounts to a collateral attack on his sentence precluded by Fifth Circuit precedent. *See Zabala-Molina*, 400 F. App'x at 874 ("[O]ur precedent provides that a revocation proceeding is not the proper vehicle in which to challenge the original sentence."). Accordingly, Wright's motion must be denied.

### III.
### CONCLUSION

For the above reasons, Wright's Motion to Dismiss the Government's Petition for Person Under Supervision and related Addendum (Doc. 34) is **DENIED.**

**SO ORDERED**.

**SIGNED: October 18, 2021.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE